IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) Criminal Action No. 15-00230-KD-B |
| BRENT H. COX, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Brent Cox's request for credit against his federal sentence for time served in state custody (doc. 29). Review of the letter and attached documents indicate that Cox made a Request for Administrative Remedy with the Federal Bureau of Prisons for credit for time served from December 2015 through May 18, 2018.  His request was denied in July 2018.  He now moves the Court to award this credit. Cox is incarcerated at FCI Williamsburg in Salters, South Carolina.  His estimated release date is September 10, 2025.

In this Court, Cox pled guilty to the offense of bank robbery. On April 18, 2016, he was sentenced to a term of 109 months (doc. 27).  His federal sentence is silent as to any concurrent sentence.  In the Circuit Court of Mobile County, Alabama, Cox was sentenced on July 27, 2016 for the offense of Kidnapping Second Degree.  The Clerk Remarks indicate that the sentence was "20 years/split to serve 3 years, period of incarceration is postponed for 3 years during which time deft. placed on formal probation[,] case to run concurrent to federal case 15-00230-CB. Deft. to be transferred to federal custody." (doc. 29, p. 2).

In the denial of Cox's request, the Warden states that "[c]urrent records indicate your state sentence was imposed before your federal sentence, and a review pursuant to Barden

requires the state sentence to be imposed after the federal sentence." (doc. 29, p. 3). Based on the information before the Court, the state sentence was imposed July 27, 2016, after the federal sentence was imposed April 18, 2016. Thus, the statement in the denial appears to be an error and forms the basis of Cox's request for assistance from this Court.[1]

Pursuant to 18 U.S.C. § 3585(b) a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

However, the "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing United States v. Wilson, 503 U.S. 329, 334, 112 S. Ct. 1351, 1355 (1992)); United States v. Anderson, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."). Therefore, the Court does not have authority to calculate and award credit for time served in custody.

Also, a "federal prisoner dissatisfied with computation of his sentence, must pursue the administrative remedy available through the federal prison system before seeking judicial review

---

[1] The Court acknowledges that the Warden's denial may have been based on a different conviction and sentence than Kidnapping, Second Degree. The Presentence Investigation Report indicated that Cox had two criminal actions pending in state court at the time he was sentenced: Kidnapping, Second Degree and Robbery, First Degree. The latter is related to Cox's Federal conviction.

of his sentence." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)).  The information before the Court is unclear as to whether Cox pursued his administrative remedies.  In his letter, Cox states that "Grand Prairie denied my request" (doc. 29, p. 1), which may be a reference to the Bureau of Prison's Designation and Sentence Computation Center in Grand Prairie, Texas.

Importantly, even if Cox has exhausted his administrative remedies, this Court lacks jurisdiction to consider a challenge to the calculation of credit.  To seek judicial review, a petition or "claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies[,]" United States v. Martin, 362 Fed Appx. 69, 70 (11th Cir. 2010), and the § 2241 petition must be filed in the United States District Court where Cox is confined,[2] which is the District of South Carolina, Florence Division. Vance v. United States, 476 Fed. Appx. 234 (11th Cir. 2012) (a § 2241 petition "may be brought only in the district court for the district in which the inmate is incarcerated.") (citing Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991)).  Therefore, to the extent that Cox's request could be construed as a § 2241 petition, this Court lacks jurisdiction to consider it.

**DONE** and **ORDERED** this the 31st day of August 2020.

   s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Cox is confined at FCI Williamsburg in Williamsburg County, South Carolina. 28 U.S.C. § 121(3) ("The Florence Division comprises the counties of . . . and Williamsburg. Court for the Florence Division shall be held at Florence.").