IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 15-00230-KD-B |
| | ) |
| BRENT COX, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Brent Cox's Motion for Compassionate Release / Reduction of Sentence 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 31). Upon consideration, and for the reasons set forth herein, the motion for compassionate release is **DENIED**.

I. Background

Cox pled guilty to one count of armed bank robbery and was sentenced on April 18, 2016 to 109 months. Miller has served approximately 5 and 1/2 years of his sentence.

II. Procedural requirements

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could grant a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, only if the Director of the Bureau of Prisons filed the motion. Now, in relevant part, the statute, as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…". 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

III. Compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement, U.S.S.G. § 1B1.13, has not been amended since the enactment of the First Step Act. Therefore, it does not set out the policy to apply when inmates file the motion. Instead, the Policy Statement sets out the policy to apply "[u]pon motion of the Director of the Bureau of Prisons". Id.

However, the Court of Appeals for the Eleventh Circuit recently stated that

> We've not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. However, we've held that the district court's consideration of the policy statements in § 1B1.13 was not an abuse of discretion.

United States v. Granda, - - - Fed. Appx. - - -, 2021 WL 1246252, at *1 (11th Cir. Apr. 5, 2021) (citing United States v. Harris, 989 F. 3d 908, 2021 WL 745262, *3 & n.2 (11th Cir. Mar. 2, 2021).

The Eleventh Circuit further states that:

Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), <u>before</u> it can determine whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13; id., comment. (n.1). In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

> 1. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

<u>United States v. Granda</u>, 2021 WL 1246252, at *1 (underlining in original).

As stated, the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), **before** it can determine whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13.   Cox has an extensive criminal history spanning forty years to include three convictions for burglary, two convictions of theft and a prior bank robbery. In the instant offense, Cox armed himself with a firearm, entered a bank, terrorized 2 tellers with his firearm and then robbed the bank. While attempting to escape, he

3

rammed an occupied police car. In sum, Cox is a danger to the community. Thus, he does not meet the threshold requirement for further consideration. The motion for compassionate release is DENIED.

**DONE** and **ORDERED** this 15th day of April 2021.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**